UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JASON M. GATEWOOD, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 17-196-DCR |
| ) | |
| v. ) | |
| ) | |
| S. BUTLER, Warden ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate/Petitioner Jason M. Gatewood is confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Gatewood has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] The matter is before the Court to conduct an initial screening of Gatewood's petition. 28 U.S.C. § 2243. Because Gatewood's claims cannot be asserted in a petition under 28 U.S.C. § 2241, the Court will deny the petition.

**I.**

A federal grand jury in the Western District of Kentucky issued a three-count Indictment against Gatewood on February 3, 2010, charging him with: (1) knowing and intentional possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 1); (2) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and (3) being a

person who had previously been convicted of a felony who possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 3).

Gatewood was found guilty of all charges. On September 21, 2011, he was sentenced to terms of imprisonment of 60 months on Count 1 and 180 months on Count 3 (to be served concurrently), and 60 months on Count 2, to be served consecutively, for a total aggregate term of 240 months imprisonment. The prison term is to be followed by a 4-year total term of supervised release. Additionally, Gatewood was ordered to pay a $300.00 special assessment fee. *United States v. Gatewood*, No. 1:10-cr-7-JHM-HBB-1 (W.D. Ky. 2010).

Gatewood filed a direct appeal with the United States Court of Appeals for the Sixth Circuit, raising claims that: (i) his Sixth Amendment right to a trial before an impartial jury was violated; (ii) the trial court erred in denying his motion to suppress evidence; (iii) the trial court improperly admitted evidence of a prior felony warrant and that he was not completely truthful when questioned by law enforcement officers; and (iv) prosecutorial misconduct occurred during closing arguments. The Sixth Circuit found that Gatewood's claims were without merit and confirmed his conviction and sentence. *United States v. Gatewood*, No. 11-6162 (6th Cir. 2011).

Gatewood filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on March 31, 2014. He argued that his counsel was ineffective for failing to seek to set aside the conviction for violating 18 U.S.C. § 924(c) due to the United States' purported failure to establish that his possession of the gun was "in relation to" the

predicate drug trafficking offense. However, the District Court denied Gatewood's § 2255 motion. *United States v. Gatewood*, No. 1:10-cr-7-JHM-HBB-1 (W.D. Ky. 2010).

Gatewood filed a second § 2255 motion seeking relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). That motion was transferred to the Sixth Circuit Court of Appeals. The Sixth Circuit denied Gatewood's request for permission to file a second or successive § 2255 motion, holding that *Johnson* is inapplicable to his sentence because *Johnson* invalidated only the residual clause of the Armed Career Criminal Act's definition of "violent felony." Gatewood's sentence was enhanced on the basis of his three prior serious drug offenses. *In re. Jason M. Gatewood*, No. 16-5849 (6th Cir. 2016).

Gatewood filed yet another application for permission to file a second or successive habeas petition in May 2017, arguing that his sentence is unconstitutional under *Mathis v. United States*, 136 S. Ct. 2243 (2016), which addressed the circumstances under which a state conviction constitutes a "violent felony" for purposes of 18 U.S.C. § 924(e). The Sixth Circuit denied this request, finding that *Mathis* did not apply to Gatewood's case because his prior convictions were considered to be "serious drug offenses," not "violent felonies." *In re. Jason M. Gatewood*, No. 17-5569 (6th Cir. 2017).

Gatewood now seeks relief from this Court *via* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Gatewood identifies the following four "grounds" in support of his current petition: (1) the Indictment in his underlying criminal case, *United States v. Gatewood*, No. 1:10-cr-7-JHM-HBB-1 (W.D. Ky. 2010), is "fatally defective" because he did not have fair notice that he was being investigated by the Grand

Jury, nor was he given the opportunity to challenge the "individual Grand Jurors (composition selection process)" prior to the seating of the Grand Jury, in violation of his Fifth and Sixth Amendment Due Process rights, his Fourth Amendment rights to be free from "unlawful seizure," and the Fifth Amendment "Fair Notice" doctrine; (2) the Indictment was fatally defective "pursuant to the Government's failure to allege that the 'locus in quo' where the alleged criminal act was alleged to have been committed was within the exclusive legislative, territorial, admiralty, or maritime jurisdiction of the federal 'United States,'" in violation of the "Fair Notice" doctrine and Gatewood's rights under the Fourth, Fifth, Sixth and Tenth Amendments of the United States Constitution; (3) the Indictment was fatally defective because the federal government misapplied 18 U.S.C. § 922(a)(1), § 924(e) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), as these statutes are not published in the Federal Register in violation of the Administrative Procedures Act and the Federal Register Act; and (4) 18 U.S.C. § 922(g)(1) is unconstitutional because Congress "made no finding (rationally based or otherwise) nor placed any statutory requirement in the section of an interstate commerce nexus between the mere possession of a gun and crime," nor did Congress base this statute "upon other appropriate findings that would indicate Congressional authority to legislate in this area." [Record No. 1].

## II.

The Court conducts an initial review of habeas corpus petitions pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254

Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Gatewood's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Gatewood seeks an Order for his immediate release, as well as any other relief the Court deems necessary. However, the claims raised in his § 2241 petition are simply not the kind which may be pursued under this statutory section. Typically, a § 2241 petition may only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition). A prisoner may not resort to § 2241 to seek relief even when § 2255 is not presently "available" to him, whether because he filed a timely motion and was denied relief; he did not file a timely § 2255 motion; or he filed an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition. The Sixth Circuit has said that "the so-called 'savings clause' of section 2255 provides that if section 2255 is 'inadequate or ineffective to test the legality of his detention . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted).

However, Gatewood does not (and could not) rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition. To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Gatewood is not relying on an intervening change in the law to attack his conviction or sentence, nor does he otherwise meets the requirements set forth in *Wooten*. In fact, Gatewood does not cite a single Supreme Court decision issued after 1995, much less issued after his conviction became final. Rather, his claims consist of challenges to his

conviction that he could and must have asserted before the trial court, either upon direct appeal or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

**III.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Petitioner Jason M. Gatewood's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of September, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge