UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JASON M. GATEWOOD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 17-196-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| S. BUTLER, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jason M. Gatewood has filed a motion seeking reconsideration of the denial of his petition for a writ of habeas corpus. [Record No. 6] The motion is filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Gatewood's primary contention is that the Court erred in treating his petition as being filed pursuant to 28 U.S.C. § 2241. According to Gatewood, his filing was actually a petition for a writ of habeas corpus ad subjiciendum filed pursuant to 28 U.S.C. §§ 1331 and 1651(a). Under these statutory sections, he contends that it is immaterial that his claims could not be raised under § 2241. However, Gatewood's arguments are misplaced and he is not entitled to relief.

A court may grant relief under Rule 59(e) for the following reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Gatewood's motion fails to establish grounds for relief for any of these reasons.

Despite the label of Gatewood's petition, he sought relief based on an argument that he was "actually innocent" of the crime charged based on claims that the indictment in his underlying criminal case (i.e., *United States v. Gatewood*, No. 1:10-cr-7-JHM-HBB-1 (W.D. Ky. 2010)), was "fatally defective." His petition does make reference to 28 U.S.C. § 1331 and § 1651(a). However, these statutes confer federal courts with original jurisdiction over matters arising under the Constitution, laws or treaties of the United States (§ 1331) and authorize federal courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law (§ 1651(a)), respectively. Standing alone, neither statute provides for a particular type of habeas relief.

Gatewood also claims that his petition is a petition for a writ ad subjiciendum. However, a petition for writ of habeas corpus "ad subjiciendum" is merely another name for the common law writ which was used to inquire into the cause of a person's restraint. *See Carbo v. United States,* 364 U.S. 611, 615 (1961), and *Stone v. Powell*, 428 U.S. 465, 475 n. 6 (1976). This common law "Great Writ" was codified into the provisions of 28 U.S.C. § 2241. *See Stantini v. United States,* 986 F.Supp. 736, 739 (E.D.N.Y.1997). Accordingly, this Court properly construed Gatewood's petition as being brought under 28 U.S.C. § 2241 *via* the "savings clause" of 28 U.S.C. § 2255(e). Because Gatewood's claims are not cognizable in a habeas petition filed pursuant to 28 U.S.C. § 2241, the Court's adheres to its prior conclusion that dismissal of his petition is appropriate.

Where a party simply disagrees with the district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (motion to alter or amend judgment is not vehicle for obtaining post-judgment re-argument on issues already

decided). Gatewood's motion will be denied because he has failed to satisfy the requirements for relief under Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED** that Petitioner Jason Gatewood's motion for reconsideration [Record No. 6] is **DENIED**.

This 11th day of October, 2017.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge